## COMMONWEALTH vs. MOODY COOK.

If two persons are jointly indicted as common sellers of intoxicating liquors, and single sales are relied on for their conviction, and only one of the defendants is convicted, he has no ground of exception to an instruction to the jury that " each defendant might be convicted for any sale made by him, without reference to any joint participation or privity of the two defendants" therein.

INDICTMENT against Moody Cook and James M. Cook. The first count charged them as common sellers of intoxicating liquors. The second and third counts respectively charged them with having made single sales.

At the trial in the superior court, before *Brigham*, J., the district attorney offered no evidence tending to show that the sales relied on for conviction were sales of liquor in which the two defendants had any community of interest, and the defendants requested the court to rule that such an interest must be proved in order to convict upon this indictment. The judge refused so to rule, and instructed the jury that " each defendant might be convicted for any sale made by him without reference to any joint participation or privity of the two defendants in said sale or joint interest in the liquor sold."

The jury found James M. Cook not guilty, and Moody Cook guilty on the first count and not guilty on the other counts; and Moody Cook alleged exceptions.

*C. Delano*, for the defendant.

*Reed*, A. G., for the Commonwealth.

HOAR, J. That, under an indictment against two for an offence which might be committed by either alone, it is competent for the jury to find one guilty and acquit the other, is a proposition too elementary to require discussion or citation of authorities. But it was not an exact use of language to say that " *each* defendant might be convicted," under the same indictment, " for any sale made by him without reference to any joint participation or privity of the two defendants." The statement should have been that " *either* " might be so convicted. But we 'o not see that the defendant was injured by the inaccuracy

He was convicted, upon evidence competent for the purpose, of the offence with which he was charged. The other defendant, who was not proved to have participated in the criminal act, was justly acquitted. This was as it should be.

If the jury had convicted the two of separate and distinct offences, which they had severally committed, a different question would have arisen. *Exceptions overruled.*